[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14494
Non-Argument Calendar

_____

D. C. Docket No. 05-20718-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ELIGIO RIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 11, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Jose Eligio Rios appeals his convictions and 240-month total

sentence for conspiracy to commit alien smuggling and alien smuggling, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 371; possession with intent to distribute marijuana in the form of hashish oil, in violation of 21 U.S.C. § 841(a)(1); attempt to import marijuana in the form of hashish oil, in violation of 21 U.S.C. § 963; and possession with intent to distribute marijuana in the form of hashish oil aboard a vessel, in violation of 46 U.S.C. Appx. § 1903(a) (now codified in 46 U.S.C. § 70503).

On appeal, Rios first argues that the district court abused its discretion in admitting evidence regarding his contemporaneous drug use and prior drug conviction, under Fed.R.Evid. 404(b), to address his knowledge and intent regarding the instant drug charges. Second, Rios argues that the district court abused its discretion in denying his motion for mistrial based on prosecutorial misconduct in the government's closing arguments. Finally, he argues that the district court violated his constitutional rights by making factual determinations regarding the amount of drugs involved in the instant offenses, for the purposes of sentencing.

## I.

We review a district court's decision to admit or exclude Rule 404(b) evidence of extrinsic acts for an abuse of discretion. *United States v. Matthews*,

431 F.3d 1296, 1311 (11th Cir. 2005). Although evidence of other crimes or bad acts is not admissible to prove the character of a person, it may be admissible for other purposes, such as to prove intent or knowledge. Fed.R.Evid. 404(b). In a criminal case, upon the defendant's request, the prosecution must provide reasonable notice of the bad acts evidence it intends to use at trial. *Id.*

Rule 404(b) evidence is admissible if: (1) it is relevant to an issue other than the defendant's character; (2) sufficient proof would allow a jury to find that the defendant committed the extrinsic act; and (3) its probative value is not substantially outweighed by its undue prejudice, and it meets the other requirements of Rule 403. *Matthews*, 431 F.3d at 1310-11. Under Rule 403, otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

Because Rule 403 allows the exclusion of otherwise probative evidence, it must only be used sparingly and the district court must strike the balance in favor of admissibility. *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992). If the government presents a strong case regarding the defendant's intent and knowledge, outside of the Rule 404(b) evidence, the court should be more willing

to exclude the Rule 404(b) evidence as overly prejudicial. *Matthews*, 431 F.3d at 1312. If the issue of the defendant's knowledge or intent is determinative, it is less likely that Rule 404(b) evidence showing knowledge or intent would be needlessly cumulative or prejudicial, under Rule 403. *United States v. Gaskell*, 985 F.2d 1056, 1063 (11th Cir. 1993).

The district court should consider the following three factors in determining whether the government's notice of intent to use Rule 404(b) evidence was reasonable: "(1) When the Government, through timely preparation for trial, could have learned of the availability of the [evidence]; (2) The extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) How significant the evidence is to the prosecution's case." *United States v. Perez-Tosta*, 36 F.3d 1552, 1562 (11th Cir. 1994). In *Perez-Tosta*, after considering the above-stated factors, we found that the district court did not abuse its discretion in finding that the government's notice of intent to use Rule 404(b) evidence, provided immediately before *voir dire* and six days before presentation of the evidence, was reasonable. *Id.* at 1560, 1562-63.

Based on our review of the record, we conclude that the district court did not abuse its discretion in admitting evidence of Rios's heroin use and possession, which occurred contemporaneously with the instant offenses, and his prior cocaine

4

conviction. The government was required to prove Rios's knowledge and intent regarding the hashish oil for convictions on the drug charges, and his defense depended on the argument that the government did not prove those elements beyond a reasonable doubt. Even though other evidence might have shown his knowledge and intent, the record does not indicate that evidence of his heroin use and possession and prior cocaine conviction was needlessly cumulative. Also, to the extent that Rios preserved any error regarding the timeliness of the government's notice of intent to use Rule 404(b) evidence, we conclude that the district court did not abuse its discretion in finding that notice was reasonable.

## II.

We review a district court's denial of a requested mistrial based on prosecutorial misconduct for an abuse of discretion. *United States v. Knowles*, 66 F.3d 1146, 1163 (11th Cir. 1995). We review a claim of prosecutorial misconduct by assessing "(1) whether the challenged comments were improper, and (2) if so, whether they prejudicially affected the substantial rights of the defendant." *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1177 (11th Cir. 2006), *cert. denied, Olivares-Samon v. U.S.*, 127 S. Ct. 521 (2006). The comments prejudicially affected a defendant's substantial rights if "a reasonable probability arises that, but for the remarks, the outcome [of the trial] would be different." *United States v.*

*Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998) (citations omitted). In assessing the prejudicial impact of comments, we evaluate them in the context of the entire trial and any curative instructions, which may render them harmless. *Id.*

During closing arguments, the prosecutor is forbidden from making improper suggestions, insinuations, and assertions calculated to mislead or inflame the jury's passions. *United States v. Rodriguez*, 765 F.2d 1546, 1560 (11th Cir. 1985). The government may not rely on the defendant's bad character for a conviction, unless character is at issue. *Id.* at 1559. "A prosecutor's remarks are improper if they attempt to bolster the credibility of a witness based on the government's reputation or by alluding to evidence not formally before the jury." *United States v. Chandler*, 996 F.2d 1073, 1094 (11th Cir. 1993). Disparaging remarks about defense counsel are also improper. *United States v. Bourg*, 598 F.2d 445, 449 (5th Cir. 1979).[1]

A prosecutor acts improperly at closing argument if his argument exceeds the evidence presented. *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997). But a prosecutor may "urge[] the jury to draw inferences and conclusions from the evidence produced at trial." *United States v. Johns*, 734 F.2d 657, 663

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(11th Cir. 1984). "[A]n attorney's statements that indicate his opinion or knowledge of the case as theretofore presented before the court and jury are permissible if the attorney makes it clear that the conclusions he is urging are conclusions to be drawn from the evidence." *Id.*

The record here demonstrates that the district court did not abuse its discretion in denying Rios's motion for a mistrial due to prosecutorial misconduct at closing arguments. First, the record does not reveal any remarks by the prosecutor about the defense counsel or about Rios's character that prejudiced Rios's substantial rights. Although the prosecutor referred to Rios's character at one point, the court sustained Rios's objection to that statement, and instructed the jury that Rios's character was not at issue. The prosecutor's only other references to character were made in telling the jury that Rios's character was not at issue and the evidence of his drug use and prior conviction should not be used as evidence of his character.

Moreover, the record does not show that Rios's substantial rights were prejudiced by any improper comments made by the prosecutor regarding inconsistencies in the witness testimony. The prosecutor and the court made clear that the jury was responsible for drawing that conclusion based on the evidence, and the statements by the lawyers were not evidence.

7

**III.**

"We review constitutional challenges to a sentence *de novo*." *United States v. Chau*, 426 F.3d 1318, 1321 (11th Cir. 2005). In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that a district court's enhancement of a defendant's sentence based on facts neither found by the jury nor admitted by the defendant violated the defendant's Sixth Amendment rights under a mandatory system of sentencing guidelines. *Booker*, 543 U.S. at 232-33, 125 S. Ct. at 749. However, the Sixth Amendment violation would not occur if the district court treated the guidelines as advisory rather than mandatory. *Id.* at 233, 125 S. Ct. at 749-50.

Based on *Booker*, we have recognized that a district court may enhance a defendant's sentence based on facts outside of the jury verdict in a non-mandatory guidelines system. *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005). Therefore, a district court may enhance a defendant's sentence based on facts not found by the jury, without violating the defendant's Sixth Amendment right to trial by jury, if the guidelines are not treated as mandatory. *Id.* at 1297-98.

Because the record makes clear that the district court treated the sentencing guidelines as advisory, rather than mandatory, we conclude that the district court did not violate Rios's constitutional rights by imposing on him a greater sentence

8

based on its finding that his drug charges involved 31.98 kilograms of hashish oil.

For the above-stated reasons, we affirm Rios's convictions and his 240-month total sentence.

**AFFIRMED.**